

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

June 28, 2023

**BY ECF**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Ahmad Kheire Khatab*, 23 Cr. 85 (KMK)

Dear Judge Karas:

      The Government respectfully submits this letter in advance of the sentencing of Ahmad Kheire Khatab (the "defendant" or "Khatab"). Khatab pled guilty to one count of possessing a firearm knowing he previously had been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing a firearm knowing he previously had been convicted of misdemeanor domestic violence, in violation of 18 U.S.C. § 922(g)(9). The applicable range under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") is 46 to 57 months' imprisonment. For the reasons explained below, a sentence within that Guidelines range would be sufficient but not greater than necessary to achieve the purposes of sentencing in this case.

**I.   Background**

      On or about April 14, 2022, the defendant—while working as a clerk at a convenience store (the "Store") in Columbus, Ohio—got into a verbal altercation with a customer ("Victim-1"). PSR ¶¶ 10-11.[1] The defendant grabbed a handgun from behind the Store's counter, pointed the gun at Victim-1, and threatened to shoot Vicitm-1 if he ever returned to the Store. PSR ¶ 11. Law enforcement then conducted a search of the Store and recovered two firearms behind the counter: a loaded black Taurus G2C .40 caliber, and a loaded black Hi-Point C9 9mm. Law enforcement then conducted a check and learned that the Taurus was reported stolen. PSR ¶ 12. The defendant was not legally permitted to possess those firearms because he had multiple prior felony convictions, as well as a conviction for a misdemeanor domestic violence offense.

      On or about November 8, 2022, Khatab was charged by indictment (the "Indictment") in the Southern District of Ohio with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing a firearm knowing he previously had been convicted of misdemeanor domestic violence, in violation of 18 U.S.C. § 922(g)(9), and a warrant

---

[1] Citations to the "PSR" refer to the Pre-Sentence Investigation Report prepared by the United States Probation Office in connection with this case.

was issued for his arrest (the "Arrest Warrant"). Khatab was arrested by the New York State Police on or about November 17, 2022, in Wappinger, New York, on unrelated charges of criminal contempt in the second degree, in violation of N.Y.P.L. 215.50. Khatab was thereafter transferred to the custody of the U.S. Marshals on the Arrest Warrant.

Khatab had his initial appearance in a Rule 5(c)(3) proceeding before U.S. Magistrate Judge Paul E. Davison on or about November 18, 2022, and was detained. Khatab thereafter indicated in writing that he wished to plead guilty and to have his case transferred to this District pursuant to Federal Rule of Criminal Procedure 20. Following the completion of the Rule 20 process, the case was transferred to this District and assigned to Your Honor.

On or about February 28, 2023, Khatab pled guilty pursuant to a *Pimentel* letter to Counts One and Two of the Indictment. PSR ¶ 5.

## II. The Guidelines Calculation

The Probation Office calculates the applicable Guidelines range as follows:

Pursuant to U.S.S.G. § 3D1.2, Counts One and Two of the Indictment are grouped together. Pursuant to U.S.S.G. § 2K2.1(a)(4)(A), the base offense level is 20 because the defendant committed the instant offense subsequent to sustaining one felony conviction of a crime of violence or a controlled substance offense. PSR ¶ 21. Two levels are added pursuant to U.S.S.G. § 2K2.1(b)(4) because the defendant possessed a stolen firearm. PSR ¶ 22. A three-level decrease for acceptance of responsibility is warranted pursuant to U.S.S.G. § 3E1.1. PSR ¶¶ 28-29. Therefore, the total offense level is 19. PSR ¶ 30.

According to the PSR, the defendant has eight criminal history points.[2] PSR ¶ 45. Accordingly, the defendant is in criminal history category IV. PSR ¶ 46.

A total offense level of 19 and criminal history category IV yields an advisory Guidelines range of 46 to 57 months' imprisonment.

## III. Applicable Law

The Sentencing Guidelines continue to provide important guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d

---

[2] In connection with convictions for receiving stolen property and breaking and entering, the defendant was sentenced on or about January 8, 2013 to five years' community control, which included six months in a community-based correctional facility; on or about June 24, 2014, community control was terminated because the defendant had absconded, and the defendant was resentenced to 379 days in jail. PSR ¶¶ 40, 41. That sentence—specifically, the portion imposed at resentencing—results in three criminal history points, bringing the defendant's criminal history score to eight. The defense objects to the assessment of three criminal history points on the ground that "there is not enough information in the available record to conclusively determine what period of time constituted 'time served.'" Def. Mem. 2. However, even if the defendant received time served credit, it is the sentence imposed that matters. *See* U.S.S.G. § 4A1.2 App. n.2 ("[C]riminal history points are based on the sentence pronounced, not the length of time actually served.").

103 (2d Cir. 2005). Though they are advisory and not mandatory, the Sentencing Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007). It follows that district courts should treat the Sentencing Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49; *see also Booker*, 543 U.S. at 264 (explaining that district courts must "consult" the Sentencing Guidelines and "take them into account" when sentencing). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49.

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(l)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant;
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### IV.  A Guidelines Sentence Is Appropriate

A sentence within the applicable Guidelines range of 46 to 57 months' imprisonment would be sufficient, but not greater than necessary, to serve the purposes of sentencing.

*First*, a Guidelines sentence would reflect the nature and seriousness of the offense conduct, promote respect for the law, and the provide just punishment for the offense. Crimes involving firearms and ammunition are extremely serious; they endanger the safety of entire communities. As the Second Circuit has explained, "[p]ossession of a gun greatly increases one's ability to inflict harm on others and therefore involves some risk of violence." *United States v. Dillard*, 214 F.3d 88, 93 (2d Cir. 2000). The possession of guns or ammunition by those expressly prohibited from having them—particularly those, like Khatab, who have a previous felony conviction—poses grave risks to public safety. Importantly, Khatab did not simply possess the firearms in question. To the contrary, in response to the slightest provocation, Khatab obtained a gun and pointed it at Victim-1. Someone, including Khatab himself, could have been hurt or even killed. The seriousness of that offense must be met with a serious punishment.

*Second*, a Guidelines sentence is necessary to promote the interest in deterrence, both specific and general. With respect to specific deterrence, Khatab has been in and out of prison since he was just 15 years old. As reflected in the PSR, Khatab, now a 33-year-old man, has had at least ten prior adult convictions, many of which are not fully captured in his criminal history score because of the age of those convictions. Importantly, several of those prior convictions involved acts of violence or intimidation, and resulted in long terms of imprisonment for the defendant. Those prior brushes with the law clearly were insufficient to deter Khatab from engaging in additional criminal activity. Indeed, in 2016, Khatab was sentenced to 50 months' imprisonment in connection with a federal bank robbery conviction. Even that serious sentence did not deter Khatab from committing the instant offense, or indeed being arrested again in New York on separate charges. This Court should impose a Guidelines sentence on Khatab in the hopes that, this time, he will be deterred from reoffending yet again. Further, a Guidelines sentence is necessary to send a message to others similarly situated to Khatab that illegal possession of firearms will be met with serious consequences.

*Lastly*, and relatedly, a sentence within the applicable Guidelines ranges would account for the need to protect the public from future crimes of the defendant. As described above, Khatab has shown that he will reoffend, again and again; that he has a penchant for violence; and that he has a complete lack of respect for authority. A Guidelines sentence will help to protect the public from the defendant during the time he is imprisoned.

## V.  Conclusion

For the reasons set forth above, the Court should impose a sentence within the Guidelines range of 46 to 57 months' imprisonment.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    /s/ Stephanie Simon
Stephanie Simon
Assistant United States Attorney
Tel:  (212) 637-2581

Cc:    Rachel Martin, Esq.